FILED-ED IN THE UNTIED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
01 FEB -1 AM 11:05 EASTERN DIVISION
CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| CHRIS SCHULTZ, | ) | |
| | ) | CASE NO. **01C 0702** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Honorable Judge **JUDGE SHADUR** |
| | ) | |
| ADVOCATE HEALTH and HOSPITALS | ) | Magistrate Judge **MAGISTRATE JUDGE ASHMAN** |
| CORPORATION, | ) | |
| Defendant. | ) | JURY DEMANDED **DOCKETED** |

FEB 0 2 2001

## COMPLAINT

**NOW COMES** the Plaintiff CHRIS SCHULTZ by and through his attorney Charles Siedlecki and complaining of the Defendant ADVOCATE HEALTH CARE, INC., states as follows:

### JURISDICTION

1. This action is brought pursuant to The Family and Medical Leave Act ("FMLA") 29 U.S.C. § 2601 et seq. Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. § 1331, 1343.

### PARTIES

2. Plaintiff CHRIS SCHULTZ (hereinafter sometimes referred to as "Plaintiff"), is a citizen of the United States of America and a resident of the State of Illinois

3. Defendant ADVOCATE HEALTH and HOSPITALS CORPORATION., (hereinafter sometimes referred to as "Defendant") is a registered Illinois Corporation and an employer within the meaning of the FMLA. Defendant controls, owns and operates a

-1-

medical care facility known as Advocate Christ Hospital and Medical Center (hereinafter sometimes referred to as ("Christ Hospital") located in Oak Lawn, Illinois. Upon information and belief Defendant employs more than 500 persons.

## FACTS

4. Plaintiff was hired by Defendant in 1974.

5. Plaintiff was employed within the housekeeping staff at Christ Hospital and Medical Center facility located in Oak Lawn, Illinois.

6. In 1976, Plaintiff was promoted to an Orderly position.

7. In 1980, Plaintiff was promoted to Maintenance Technician.

8. From 1980 to 2000, Plaintiff continued to be employed by Defendant as a Maintenance Technician.

9. In 1998, Plaintiff was awarded MVP employee award for excellence out of an estimated 5000 employees.

10. On December 30, 1999, Plaintiff provided written notice to Defendant of his need and request to take leave under the FMLA so as to care for his ailing mother and father

11. Plaintiff had worked continuously for Defendant at the Christ Hospital and Medical Care facility for more than twelve (12) months preceding his request for FMLA leave.

12. Plaintiff had worked more than 1250 hours during the twelve (12) month period preceding his request for FMLA leave.

13. Plaintiff had requested intermittent FMLA leave to care for his seriously ill mother and father.

14. Plaintiff's mother died on June 29, 2000.

15. Plaintiff continued to care for his seriously ill father.

16. Although Defendant acknowledged Plaintiff's request for intermittent FMLA leave, Defendant held Plaintiff accountable for work production and applied discipline to him for work not performed while on FMLA leave.

17. Plaintiff's ability to exercise his rights under the FMLA was thereby intentionally interfered with by Defendant.

18. In August 2000, Plaintiff met with his supervisor, Elmer Johnson and manager, Brian Cornelison, explaining that he could not possibly meet the work/production quotas Defendant continued to demand when he was not at work but on FMLA leave. Plaintiff was assured the matter would be remedied, yet no alleviating action was taken by Defendant.

19. Plaintiff became so distraught at the August 2000, meeting that he broke down emotionally and began to weep.

20. Plaintiff in August 2000, had recently buried his mother, continued to care for his seriously ill father and was being required by the Defendant to meet work/production quotas with regard to time periods on which he was off work on FMLA leave.

21. Such action by the Defendant substantially interfered with Plaintiff's substantive rights under the FMLA.

22. On November 7, 2000, Plaintiff was terminated by Defendant.

23. Plaintiff was allegedly terminated by Defendant for deficiencies in performance. Defendant's proffered reason for termination is pretextual.

24. Plaintiff could not be on FMLA leave caring for his parents and continue to perform the

duties of an employee in daily attendance. Defendant was well aware of this fact.

25. Plaintiff's termination was retaliation for taking FMLA leave.

26. Such retaliation is in violation of the FMLA.

27. Plaintiff would not have been discharged but for availing himself of rights guaranteed under the FMLA.

28. Defendant's actions in discharging Plaintiff under such circumstances interfered with, and unduly burdened Plaintiff's exercise of rights guaranteed him under the FMLA.

## COUNT I
### *Retaliation In Violation of FMLA*

1-28 Plaintiff repeats and realleges paragraphs 1 through 28 above as paragraphs 1 through 28 of Count I, as though fully set forth herein.

29. Defendant applied FMLA time-off taken by Plaintiff as a negative factor against Plaintiff in terminating his employment.

30. Plaintiff was terminated from his 25 year employment because he availed himself of the guarantees and rights of the FMLA.

31. Defendant's proffered reason for terminating Plaintiff was and are pretextual. There exists a causal link between Plaintiff availing himself of FMLA rights and his termination.

32. Said discriminatory and unlawful termination is in direct violation of FMLA 29 U.S.C. § 2615(a)(2).

33. As a result of Defendant's actions Plaintiff has suffered harm and injury, damage to his good reputation, extreme mental anguish, painful embarrassment among his friends and

co-workers, disruption of his personal life, financial injury, lost benefits, lost wages and the loss of enjoyment of the ordinary pleasures of everyday life.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor as follows:

(a) Monetary damages to compensate Plaintiff for all lost salary and benefits from the time Defendant's improper conduct commenced to the time of the award, plus all accrued interest thereon;

(b) Monetary damages to compensate Plaintiff for all future lost salary and benefits;

(c) Liquidated damages equal to an amount awarded hereunder, pursuant to FMLA § 107(a)(1)(A)(iii);

(d) Reasonable attorney's fees, expert witness fees and costs of litigation and costs of this suit;

(e) Satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and this Court shall deem proper under the circumstances.

## COUNT II
### *Interference with Plaintiff's Substantive Rights Under the FMLA*

1-33. Plaintiff repeats and realleges paragraphs 1-33 above as paragraphs 1 through 33 of Count II, as though fully set forth herein.

34. Plaintiff was employed by Defendant for more than 25 years.

35. Plaintiff had worked for Defendant more than 1250 hours within the preceding twelve month period.

36. Plaintiff had provided notice to Defendant regarding his need for FMLA leave so as to

care for his seriously ill parents.

37. Defendant employs more then 500 employees.

38. Defendant intentionally interfered and burdened Plaintiff's in the exercise of his substantive statutory rights as an eligible employee under 29 U.S.C. § 2615(a)(1) by holding Plaintiff accountable and ascribing discipline to him for work not completed while on FMLA leave.

39. Plaintiff was entitled to FMLA leave and Defendant unlawfully interfered with Plaintiff's exercise of said entitlement.

40. As a result of Defendants discriminatory actions Plaintiff has suffered harm and injury, damage to his good reputation, extreme mental anguish, painful embarrassment among his friends and co-workers, disruption of his personal life, financial injury, lost benefits, lost wages and the loss of enjoyment of the ordinary pleasures of everyday life.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor as follows:

(a) Monetary damages to compensate Plaintiff for all lost salary and benefits from the time Defendant's improper conduct commenced to the time of the award, plus all accrued interest thereon;

(b) Monetary damages to compensate Plaintiff for all future lost salary and benefits;

(c) Liquidated damages equal to an amount awarded hereunder, pursuant to FMLA § 107(a)(1)(A)(iii);

(d) Reasonable attorney's fees, expert witness fees and costs of litigation and costs of this suit;

(e) Satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and this Court deem just under the circumstances.

Respectfully submitted,

By _____
Charles Siedlecki
Attorney for Plaintiff

Charles Siedlecki & Associates
10540 South Western Avenue
Suite 405
Chicago, Illinois 60643
773/ 881-2535



# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

**Plaintiff(s):** CHRIS SCHULTZ

County of Residence: COOK

Plaintiff's Atty: Charles Siedlecki
Charles Siedlecki & Associates, P.C.
10540 S. Western Ave. - Suite 405,
Chicago, IL 60643
(773) 881-2535

**Defendant(s):** ADVOCATE HEALTH AND HOSPITALS CORPORATION

County of Residence: DU PAGE

Defendant's Atty:

**DOCKETED FEB 0 2 2001**

**01C 0702**

**JUDGE SHADUR**

**MAGISTRATE JUDGE ASHMAN**

**II. Basis of Jurisdiction:** 3. Federal Question (U.S. not a party)

**III. Citizenship of Principle Parties**
(Diversity Cases Only)
Plaintiff:- N/A
Defendant:- N/A

**IV. Origin:** 1. Original Proceeding

**V. Nature of Suit:** 442 Employment

**VI. Cause of Action:** 29 U.S.C. Sec 2601 et. seq. - Family and Medical Leave Act ("FMLA") Interference with substantive right to FMLA leave and Retaliation.

**VII. Requested in Complaint**
Class Action: No
Dollar Demand:
Jury Demand: Yes

**VIII.** This case **Is NOT** a refiling of a previously dismissed case. (If yes case number __ by Judge __

Signature:

Date: 2/1/2001

**FILED-ED4 01 FEB -1 AM 11:05 U.S-DISTRICT CLERK COURT**

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.**   Revised: 06/28/00

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

In the Matter of    CHRIS SCHULTZ vs. ADVOCATE HEALTH AND HOSPITALS CORPORATION

Case Number: **01C 0702**

JUDGE SHADUR

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

PLAINTIFF - CHRIS SCHULTZ

MAGISTRATE JUDGE ASHMAN

DOCKETED FEB 0 2 2001

| (A) | (B) |
|---|---|
| SIGNATURE *[signed]* | SIGNATURE |
| NAME Charles Siedlecki | NAME |
| FIRM Charles Siedlecki & Associates, P.C. | FIRM |
| STREET ADDRESS 10540 S. Western Ave. - Suite 405 | STREET ADDRESS |
| CITY/STATE/ZIP Chicago, Illinois 60643 | CITY/STATE/ZIP |
| TELEPHONE NUMBER (773) 881-2535 / FAX NUMBER | TELEPHONE NUMBER / FAX NUMBER |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6243885 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES ☐ NO ☒ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☒ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER / FAX NUMBER | TELEPHONE NUMBER / FAX NUMBER |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

FILED-ED4 01 FEB - 1 AM 11:05 CLERK U.S. DISTRICT COURT