

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 702 | **DATE** | 5/24/2002 |
| **CASE TITLE** | Chris Schultz vs. Advocate Health | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Defendants' motion for summary judgment be and is denied because of the existence of genuine issues of material fact. (15-1) Count III, like Sch other claims, will be the subject of disposition at trial.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| ✓ | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

number of notices

MAY 28 2002 date docketed

docketing deputy initials

5/24/2002 date mailed notice

SN courtroom deputy's initials

Date/time received in central Clerk's Office

SN mailing deputy initials

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHRIS SCHULTZ, )
)
Plaintiff, )
)
v. ) No. 01 C 702
)
ADVOCATE HEALTH AND HOSPITALS )
CORPORATION, et al., )
)
Defendants. )

MEMORANDUM ORDER

After the completion of discovery in this multicount action by Chris Schultz ("Schultz") against Advocate Health and Hospitals Corporation ("Advocate") and two of its employees, on April 26, 2002 this Court entered its final pretrial order looking toward trial of the action. At the same time defendants have moved for summary judgment on one of the claims advanced by Schultz: Count III's common law claim (which is on this federal court's plate under the auspices of the supplemental jurisdiction provisions of 28 U.S.C. §1367(a)) that asserts the intentional infliction of emotional distress. With Schultz now having responded to that motion, it is ripe for decision.[1]

There is no dispute as to the demanding requirements that Illinois caselaw has established for the intentional-infliction-

---

[1] No useful purpose would be served by calling for a reply from defendants. Once material facts have been scrambled into omelette form by bona fide disputes as is the case here, they can't be placed back into a Fed. R. Civ. P. ("Rule") 56 eggshell via the summary judgment movants' quarrel with the factual version proffered by the target of the Rule 56 motion.



of-emotional-distress tort. Honaker v. Smith, 256 F.3d 477, 490 (7th Cir. 2001)(most citations as well as internal quotation marks omitted) sets out an admirable statement of the operative principles:

> The tort of intentional infliction of emotional distress has been recognized in Illinois since 1961, when the Illinois Supreme Court explained that persons could be liable under the tort only for acts truly "outrageous," that is, an "unwarranted intrusion... calculated to cause severe emotional distress to a person of ordinary sensibilities." More recently, in McGrath v. Fahey, 126 Ill.2d 78, 127 Ill. Dec. 724, 533 N.E.2d 806, 809 (1988), the Illinois Supreme Court set forth three requirements necessary to demonstrate the intentional infliction of emotional distress: (1) the conduct involved must be truly extreme and outrageous; (2) the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress and (3) the conduct must in fact cause severe emotional distress. This tort does not require a contemporaneous physical impact or injury. It is clear, however, that the tort does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. Instead, the conduct must go beyond all bounds of decency and be considered intolerable in a civilized community. Thus, to serve as a basis for recovery, the defendant's conduct must be such that the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim[:] "Outrageous!" Whether conduct is extreme and outrageous is judged on an objective standard, based on the facts of the particular case.

For present purposes it is unnecessary to dwell on the matter at any length. Suffice it to say that Schultz' counsel have tendered additional facts that provide a far less sterile version of events than defendants'--particularly in terms of the background that preceded the direct adverse employment decision

2

that forms the gravamen of Schultz' federal Family and Medical Leave Act claim.[2]

Accordingly defendants' motion for summary judgment must be and is denied because of the existence of genuine issues of material fact. Count III, like Schultz' other claims, will be the subject of disposition at trial.

                               _____
                               Milton I. Shadur
                               Senior United States District Judge

Date: May 24, 2002

---

[2] In that respect defendants' Mem. 6-8 points to a portion of Schultz' deposition (Dep. 114-18) as purportedly limiting the nature and scope of Schultz' Count III claim. But that contention is unduly crabbed, although defendants will of course have the opportunity at trial to seek to elicit the relied-on portions of the deposition for possible impeachment. In brief, as demanding as the Illinois caselaw may be in this area, when Schultz' submissions are taken as true (as they must be for summary judgment purposes), they call for resolution by a factfinder--a jury--and not by the court as a matter of law.