

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 702 | **DATE** | 6/4/2002 |
| **CASE TITLE** | Chris Schultz vs. Advocate Health and Hospitals Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Plaintiff's motions is limine #1, 2,5,6,7 are granted and 3,4 and 8 are denied. Defendants' motions in limine #1, 3, 4, 5, 6, 7, 9 and 10 are denied and 2 and 8 are granted. (25-1 through 10)
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUN 05 2002 | |
| | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | | docketing deputy initials | 34 |
| | Copy to judge/magistrate judge. | | 6/4/2002 date mailed notice | |
| SN | courtroom deputy's initials | 02 JUN -4 PM 3:54 Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHRIS SCHULTZ, )
 )
        Plaintiff, )
 )
v. ) No. 01 C 702
 )
ADVOCATE HEALTH AND HOSPITALS )
CORPORATION, et al., )
 )
        Defendants. )

DOCKETED
JUN 5 2002

## MEMORANDUM ORDER

As this Court ordered in conjunction with the April 26, 2002 conference with counsel during which it considered and approved the proposed Joint Final Pretrial Order in this action, each side has timely presented its motions in limine, and each has timely responded to the other side's motions. This memorandum order will address those motions sequentially--and because both sides are of course familiar with the subject matter, and because this order is being written simply to reflect this Court's rulings rather than as a memorandum opinion, no repetition of the subject matter of the respective motions is needed. Instead, the motions will simply be referred to by number.

### Plaintiff's Motions

Motion No. 1 is granted because we have long since departed from the old "sporting" or "fox-hunt" approach to the litigation process in favor of a disclosure policy exemplified by the discovery rules that are included in the Federal Rules of Civil Procedure ("Rules"). If plaintiff's interrogatories in fact

asked defendants (among other things) to identify everyone having knowledge of the case (as there is every reason to believe, for every litigator's computer includes that as one of the stock questions), any unlisted persons should be barred from testifying. And of course the 1993 amendments to Rule 26(e) created an obligation on every party to update responses in that respect, so that any omission from the original response of any person who may have been unknown at the outset of the case becomes irrelevant.

That same analysis calls for the granting of Motion No. 2.

As for Motion No. 3, defendants' response is somewhat nonresponsive in part. Because the issue is really one of whether enough support exists for such evidence to go to the jury, Motion No. 3 is denied as an in limine motion, and the matter will ultimately be ruled on at trial in the context of the then-existing state of the record.

Motion No. 4 is denied *if* plaintiff elects to put his past employment record in issue in such manner as to make such testimony relevant. Otherwise it is granted.

Motion Nos. 5, 6 and 7 are granted without objection.

Motion No. 8 is denied as moot, there being no evidence of any such proceedings.

## Defendants' Motions

Motion No. 1 is denied for the reasons well-stated in Plaintiff's Response.

Motion No. 2 is granted without objection.

Motion No. 3 is denied for the reasons stated in Plaintiff's Response.

That applies as well to Motion Nos. 4 and 5, although those matters may be revisited if what plaintiff has stated in his Response proves to be inaccurate at trial.

Motion No. 6 is denied, for the matter at issue there is totally different from the typical situation in which opinions of fellow workers are viewed as inadmissible in employment discrimination cases. In this instance the employer itself elected to credit evaluations that provided input for "employee of the month" and "MVP of the year" awards, and those evaluations--thus effectively adopted by the employer--may well bear on the credibility of the decisionmakers' contrary opinions, in either pretext or other terms.

Motion No. 7 is denied, with the evidence at issue to be a subject for jury consideration.

Motion No. 8 is puzzling--under Seventh Circuit caselaw, this Court has consistently treated front pay as an equitable issue (and hence one for the Court and not for the jury), so if the motion is limited to barring Dr. Ramenofsky's testimony

during the jury trial only in that respect (and not as to other elements of claimed economic damage) it is granted.

Motion Nos. 9 and 10 are denied for the reasons stated in Plaintiff's Response.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 4, 2002